Martin, J.
delivered the opinion of the Court, The defendant, who is sued as indorser, alledges that a note of $6,800 was placed in the hands *658 the plaintiff’s brother, as a security for his indorsement of the note, on which the suit is brought, of another note indorsed by the defendant also, and of some other notes, indorsed by other persons ; that all this was in the plaintiff’s knowledge and by him communicated to the defendant.
East. District.
June 1815.
That the maker of the note has since failed, and previous to his failure, means were taken by the plaintiff’s brother to withdraw the large note, so as to deprive the defendant of the security it afforded him.
That the plaintiff and his said brother are brokers and-concerned in thi-> transaction, and that it is by a connivance between them or the real owner of the note in suit (whom the defendant alledges to be some other person than the plaintiff) that he is thus deprived of his security.
On this, the defendant builds his hope of relief; expecting that the Court will interfere so as ' to prevent a recovery, or at least the payment, of the monev over to the plaintiff (if he appears to have connived as is above stated) until the note of 556,800 shall be forthcoming so as to afford the defendant the hope of being thereby secured, as he alledges he ought to.
To establish this connivance he has offered the production of the original, and amended bilan of the maker of the note, stating the amendment was *659 made bv the plaintiff’s brother. These papers the Court below refused toadmit, and the defendant has thereon taken a bill of exceptions.
We think the Court below properly rejected the papers. As the plaintiff had no agency in the confection or alteration of these papers, they could not be read in evidence against hi¡n. Tne defendant should have shewn that some other than a blood relation subsisted between the plaintiff and his brother. The circumstance that the latter held in deposit a note, yvhich was in some manner to secure the payment of that on which the present suit is brought, affording not the least spark of evidence or presumption of a connexion between the two brothers, from which it may be inferred that the act of one of them binds the other.
The defendant next offered the maker of the note as a witness for the same purpose, but tlie Court rejected him also, as he had no release from his creditors and notwithstanding his cessio bpno-rum, was still bound to pay the note. The defendant excepted to the opinion of the Court.
The witness was certainly an,improper witness to prove the payment or extinguishment of the debt arising on the note, and was properly rejected as tp that. But he might give evidence of any fact by which the right of the plaintiff or his indorsee might be affected. For the success of either party left the witness in the same obligation to pay the *660 note ; being indifferent to him, whether the plaintiff continued, or the defendant became, his creditor.
As the answer alledges a fraud committed by attempting an illegal payment or extinguishment evidently inade at a time, when the maker of the note could not effectually change the situation of his affairs, it appears the object of the defendant was rather to shew the fraud, than to establish a payment or extinguishment which could have no effect. But the Court was correct in rejecting him for the same reason as induced the rejection of the papers.
The defendant farther excepts to the opinion of tht Court below, in overruling his exceptions to the plaintiff’s answers to his interrogatories. •
T o the latter brahches of the first and third interrogatories there is not any answer, and that to the first branch of the third is very insufficient.
We think the Court erred in overruling the exceptions of the defendant, in this respect.
The judgment of the Court below must therefore be and is annulled, reversed and made void and the cause remanded, \yith directions to sustain the defendant’s exceptions to the first and third interrogatories, and to require the plaintiff to put further and more sufficient answers.